IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br><br> OSVALDO SANCHEZ, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER ON MOTION FOR LEAVE TO OBTAIN PRE-PLEA PRESENTENCE REPORT** <br><br> Case No. 1:15-CR-42-DN <br><br> District Judge David Nuffer |

Defendant Osvaldo Sanchez seeks leave for the preparation of a pre-plea presentence report to assist in finalizing the parties' plea negotiations.[1] While the Government does not object to Mr. Sanchez's request[2] and Rule 32(e)(1) of the Federal Rules of Criminal Procedure authorizes the preparation of pre-plea presentence reports,[3] serious concerns exist with the preparation of presentence reports for the purpose of facilitating plea negotiations. Therefore, a full presentence report will not be ordered pre-plea in this case. However, because preparation of a criminal history avoids many concerns regarding the preparation of full pre-plea presentence reports while still providing the parties with sufficient information to estimate where the defendant may fall in the sentencing guidelines, if he or she chooses to enter a guilty plea, the United States Probation Office is directed to prepare and disclose a criminal history regarding Mr. Sanchez. Accordingly, Mr. Sanchez's Motion for Leave to Obtain Pre-Plea Presentence Report[4] is DENIED in part and GRANTED in part.

---

[1] Motion for Leave to Obtain Pre-Plea Presentence Report, docket no. 22, filed July 6, 2016.

[2] *Id*.

[3] FED. R. CRIM. P. 32(e)(1).

[4] Docket no. 22, filed July 6, 2016.

**DISCUSSION**

The preparation and use of presentence reports is governed by 18 U.S.C. § 3552 and Rule 32 of the Federal Rules of Criminal Procedure.[5] Section 3552 requires that a United States probation officer "make a presentence investigation of a defendant" and "before the imposition of sentence, report the results of the investigation to the court."[6] Rule 32(e)(1) provides that "[u]nless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty."[7]

By its terms Rule 32(e)(1) creates a presumption against the preparation and disclosure of pre-plea presentence reports, absent the defendant's written consent.[8] Rule 32(e)(1) thus "permits, but does not require, disclosure of the [presentence] report with the written consent of the defendant."[9] Rule 32(e)(1) "does not, however, indicate why a presentence report might be created prior to a plea of guilty, to what purposes such a report might legitimately be put, or whether such a report may be created and disclosed even before a plea agreement is reached."[10]

Mr. Sanchez seeks leave to obtain a pre-plea presentence report to assist in finalizing the parties' plea negotiations. "The principal purpose of a presentence report is to assist the [c]ourt in imposing a sentence and making recommendations for correctional treatment[.]"[11] "[U]nder Rule 11(c)(3)(A) [of the Federal Rules of Criminal Procedure], the [c]ourt may also review a

---

[5] *See United States v. Rodriguez*, No. 06-40007-FDS, 2007 WL 2908640, at *1 (D. Mass. Oct. 3, 2007); *see also generally* 18 U.S.C. § 3552; FED. R. CRIM. P. 32.

[6] 18 U.S.C. § 3552(a).

[7] FED. R. CRIM. P. 32(e)(1).

[8] *Id*.

[9] *Id*. at Advisory committee Notes, 1989 Amendments.

[10] *Rodriguez*, 2007 WL 2908640, at *1.

[11] *Id*.

2

presentence report in order to determine whether to accept a plea agreement of the type specified in Rule 11(c)(1)(A) or (C)."[12] However, "[t]here is nothing in either the statute or the rules that expressly authorizes the use of a presentence report for any other purpose, such as facilitating a plea agreement."[13]

In addition to the lack of express authority permitting the use of presentence reports to facilitate plea negotiations, several other concerns arise with pre-plea presentence reports. Ordinarily, a "critical component" of the presentence investigation is "the interview of the defendant[.]"[14] Because there is no prior adjudication of the defendant's guilt before a plea is entered, this interview may interfere with the defendant's Fifth Amendment right against self-incrimination and may develop incomplete or inaccurate information due to the defendant's uncertainty about full disclosure.[15] The pre-plea presentence report may also "create expectations about a tentative guideline sentencing range that could vary considerably from the range ultimately used at sentencing."[16] "This, in turn, might lead to later claims that the plea was not knowing and voluntary or, if the defendant declines to plead guilty, claims of government misconduct if the government subsequently changes any of its factual or legal positions."[17]

Moreover, the preparation of presentence reports is "complex and time-consuming."[18] The United States Probation Office is "already laboring under a heavy work load which includes preparing actual pre-sentence reports."[19] Requiring the preparation of pre-plea presentence

---

[12] *Id.*; *see also* FED. R. CRIM. P. 11(c)(3)(A).

[13] *Rodriguez*, 2007 WL 2908640, at *1; *see also generally* 18 U.S.C. § 3552(a); FED. R. CRIM. P. 32.

[14] *Rodriguez*, 2007 WL 2908640, at *3 (citing FED. R. CRIM. P. 32(c)(2)).

[15] *See id.*; *United States v. Marteny*, No. 2:09-CR-19-DB, 2009 WL 3515075, at *1 (D. Utah Oct. 29, 2009).

[16] *Rodriguez*, 2007 WL 2908640, at *3.

[17] *Id.*

[18] *United States v. Afu*, No. 1:15-CR-81-1-RJS, ECF no. 28, at 1 (D. Utah May 6, 2016).

[19] *Id.*

reports places unnecessary burden on the Probation Office's investigators. Further, because "[t]here has been no finding by any court creating a factual basis upon which the [presentence] report in th[e] case could be based[,]" the Probation Office's investigator is placed "in the impermissible role of arbiter and fact finder for the purpose of furthering negotiations rather than assisting the court in determining an appropriate sentence."[20] The Probation Office is an arm of the court, and as such must avoid involving itself in the parties' plea negotiations, as "Rule 11(c)(1) [of the Federal Rules of Criminal Procedure] strictly prohibits the [c]ourt from participating in plea discussions."[21]

Given these concerns with the preparation of pre-plea presentence reports, and specifically for the purpose of facilitating plea negotiations, a full presentence report will not be ordered pre-plea in this case. However, it is appropriate under these circumstances to order the preparation and disclosure of a criminal history regarding Mr. Sanchez. A defendant's criminal history: is less labor-intensive to prepare; "is already a matter of public record[;] its impact on sentencing is ordinarily straightforward and predictable[;] and it is included in the presentence report regardless of the defendant's willingness to cooperate."[22] A criminal history also provides the parties with sufficient information "to evaluate the defendant's criminal history category, the likely guideline applications[,] and the evidence which might constitute relevant conduct."[23] Therefore, the preparation of a criminal history regarding Mr. Sanchez minimizes and avoids the concerns with pre-plea presentence reports, "[will] serve the ends of justice[,] and [will] not be

---

[20] *Marteny*, 2009 WL 3515075, at *1.

[21] *Rodriguez*, 2007 WL 2908640, at *3; *see also* FED. R. CRIM. P. 11(c)(1).

[22] *Rodriguez*, 2007 WL 2908640, at *4.

[23] *Marteny*, 2009 WL 3515075, at *1.

unduly burdensome[.]"[24] Accordingly, Mr. Sanchez's Motion for Leave to Obtain Pre-Plea Presentence Report[25] is DENIED in part and GRANTED in part.

## ORDER

IT IS HEREBY ORDERED that Mr. Sanchez's Motion for Leave to Obtain Pre-Plea Presentence Report[26] is DENIED as to the preparation of a full pre-plea presentence report, but is GRANTED as to the preparation of a criminal history.

IT IS FURTHER HEREBY ORDERED that United States Probation Office is directed to prepare a criminal history of Mr. Sanchez and to provide the criminal history to the parties upon its completion.

Signed July 18, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[24] *Rodriguez*, 2007 WL 2908640, at *4.

[25] Docket no. 22, filed July 6, 2016.

[26] *Id*.